IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**PATRICK EDWARD BROWN,** §
§
Petitioner, §
§
v. § Civil Action No. **3:19-CV-761-L-BN**
§
**DIRECTOR, TDCJ-CID,** §
§
Respondent. §

# ORDER

On April 8, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 23) was entered. The Report recommends that the court dismiss with prejudice this habeas action, which was brought pursuant to 28 U.S.C. § 2254, and Petitioner's related claims for the following reasons: (1) jurisdiction is lacking over the theft-of-a-person conviction claim, as the sentence for this conviction has been discharged; (2) first ineffective assistance of counsel ("IAC") claim, that attorney Ronald L. Goranson, failed to obtain physical evidence to contradict the State's evidence, is procedurally barred; (2) fourth IAC claim based on voluntariness of guilty plea fails on the merits; (3) second and third IAC of counsel claims pertaining to potential involuntary intoxication defense (Mr. Goranson's failure to turn over related evidence to Mr. Massar, and Mr. Massar's failure to investigate this defense) were waived as a result of Petitioner's guilty plea, and even if not waived, prejudice has not been demonstrated; (4) Petitioner's first due process claim fails for the same reasons as his IAC claim based on the voluntariness of his guilty plea; and (5) Petitioner's second and third due process claims are

unexhausted and procedurally barred, and Petitioner has not established any exception to this bar.[1] Alternatively, as to these last claims, the Report determines that, even if not barred, they are substantively meritless.

On May 3, 2021, Petitioner's objections, which focus on his IAC claims, were docketed. Petitioner takes issue with the affidavit of his second trial attorney Mr. Massar that was submitted in the state habeas proceeding. He contends that it was error for the state court to credit the statements in this affidavit. Petitioner disputes that his guilty plea was voluntary, even though the state court rejected his claim that he was coerced by Mr. Massar to take a plea bargain. Regarding his IAC claim(s) that relate to a potential involuntary intoxication defense, Petitioner contends that it is obvious that the state court failed to review the affidavits of Mr. Massar and his second attorney Mr. Goranson because, if it had, it would have noticed that Mr. Goranson did investigate this defense. Petitioner further asserts that the Report mischaracterizes his first IAC claim by incorrectly stating that Mr. Goranson failed to obtain evidence regarding a potential involuntary intoxication defense. According to Petitioner, this claim is based on his contention that Mr. Goranson failed to turn over this evidence to his second attorney Mr. Massar. None of these objections is sufficient to overcome the disposition of Petitioner's claim as recommended by the magistrate judge.

Accordingly, having reviewed the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and accepts them as those of the court. The court, therefore, **overrules** Petitioner's objections; **denies** his

---

[1] These claims are based on Petitioner's contention that the State suppressed or altered evidence supporting his involuntary intoxication defense, and he was subjected to a psychological evaluation, which amounted to testifying against himself.

Petition for Writ of Habeas Corpus by a Person in State Custody (Doc. 3); and **dismisses with prejudice** this section 2254 habeas action for the reasons stated in the Report.[2]

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[3] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts and incorporates** by reference the Report. In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed in forma pauperis on appeal.

**It is so ordered** this 28th day of June, 2021.

Sam A. Lindsay
United States District Judge

---

[2] Although unexhausted, Petitioner's second and third due process claims fail as a matter of law even under a merits-based analysis. The court, therefore, dismisses them with prejudice along with his other habeas claims.

[3] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.